VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     25-AP-209



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2026

State of Vermont v. Sabrina Duvernay\*          }     APPEALED FROM:
                                                }
                                                }     Superior Court, Bennington Unit,
                                                }     Criminal Division
                                                }     CASE NO. 24-CR-12767
                                                      Trial Judge: Jennifer L. Barrett

In the above-entitled cause, the Clerk will enter:

Defendant appeals the civil forfeiture of her cat and kittens.  We affirm.

In December 2024, the State charged defendant with domestic assault, financial exploitation of a vulnerable adult, two counts of abuse of a vulnerable adult, two counts of child cruelty, and one count of cruelty to animals.  The State also filed a motion for civil forfeiture of a dog, a cat, and four kittens seized during the investigation of the criminal charges.  The motion alleged that police received a report of concern for the safety of an elderly man, two children, a dog, and some cats being forced to live in a vehicle by defendant.  The motion alleged that the cats were kept in the trunk of the vehicle and the dog had suffered serious health concerns including heartworm.  Police responded and located a cat and four live kittens, and one dead kitten, in the trunk of the car.  The dog was in the front seat with a child in a car seat, surrounded by trash and clutter.

The court held an evidentiary hearing in April 2025 at which the State presented testimony from the arresting officer, and defendant testified on her own behalf.  The court issued a written decision containing the following findings.  Defendant and the others left an Airbnb in Saratoga, New York, on December 5, 2024.  Defendant denied seeing the cats after they were placed in the trunk of the car.  On December 6, police encountered defendant at a McDonalds in Manchester, Vermont.  It was cold and dark outside.  A dog was in the car, and the car was filled with trash, old food, and diapers.  Access to the trunk was inhibited by a cat carrier and ropes.  It took the officers a few minutes to gain access to the trunk.  There were a cat and kittens in the trunk of the car.  One kitten was dead.  The others appeared to be in good health.  A tote being used as a litter box was filled with cat feces.  There was no evidence regarding the death of the kitten.

The court found that the State had not presented sufficient evidence to show that the dog was subject to cruelty, neglect, or abandonment. However, it found by clear and convincing evidence that the cat and kittens were subject to cruelty, neglect, or abandonment because they were confined to the trunk of a small car for an extended period during winter, the trunk was tied shut with a rope, the tote used as a litter box was full of feces, and one of the kittens was dead. The court found that the presence of the dead kitten showed that the conditions in the trunk were hazardous to the health and safety of the cat and kittens. The court therefore granted the motion for forfeiture of the cat and kittens. This appeal followed.

On appeal, defendant argues that there was insufficient evidence to support the court's finding of cruelty, neglect, or abandonment. Civil forfeiture requires the court to find "that the animal was subjected to cruelty, neglect, or abandonment in violation of section 352 or 352a of this title." 13 V.S.A. § 354(f)(1). As relevant here, a person commits the crime of cruelty to animals under § 352 if the person "[d]eprives an animal that a person owns, possesses, or acts as an agent for of adequate food, water, shelter, rest, sanitation, or necessary medical attention or transports an animal in overcrowded vehicles." Id. § 352(4). " 'Adequate food' means food that is not spoiled or contaminated and is of sufficient nutritional content to meet the normal daily requirements for the condition and size of the animal and the environment in which it is kept." Id. § 351(16). Except for certain exceptions not relevant here, "[a]n animal shall be fed or have food available at least once each day." Id. " 'Adequate water' means potable water that is either accessible to the animal at all times or is provided at suitable intervals for the species and in sufficient quantity for the health of the animal. In no event shall the interval when water is not provided exceed 24 hours." Id. § 351(17). " 'Sanitation' means the maintenance of clean conditions for indoor and outdoor enclosures to minimize health hazards, including periodic cleanings to remove excretions or other waste materials, dirt, and trash." Id. § 351(9).

The State bears the burden of proving cruelty by clear and convincing evidence. Id. § 354(f)(1). "This standard of proof necessitates that the existence of the contested facts be highly probable," but requires less evidence than a criminal conviction. State v. Washburn, 2024 VT 45, ¶ 15, 219 Vt. 552 (quotations and alteration omitted). "[W]here the standard of proof is clear and convincing evidence, we will uphold trial court findings as long as there is substantial evidence to support them although they are contradicted by credible evidence." Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 147 (1992).

The record here was sufficient to establish cruelty by clear and convincing evidence. The officer testified that when he responded on December 6, it was evening, and it was dark and cold out. Defendant and the others were traveling in a small four-door sedan, in which the trunk was sealed off from the passenger compartment. It took several minutes to open the trunk because there was a cat carrier attached to it with ropes. Several kittens jumped out of the trunk, which the officer collected and placed in the cat carrier. There was one dead kitten in the trunk. There was a tote containing litter in the trunk, and the litter was filled with cat feces. The officer did not recall seeing any food or water in the trunk. Defendant testified that the group left Saratoga on December 5, indicating that the cats were in the car for an extended period and possibly over twenty-four hours. This testimony supports the court's findings, which in turn support a finding that the cats were deprived of adequate food, water, or sanitation necessary for their health. See Washburn, 2024 VT 45, ¶ 15 (noting that restraint in small cages and unhealthy conditions can support finding of animal cruelty).

Defendant argues that without expert testimony or a cause of death for the dead kitten, it was error for the court to conclude that the conditions in the closed trunk were a risk to the health

and safety of the other felines.  We disagree.  Although the State did not establish a cause of death, the court could reasonably infer from the fact of the kitten's death, along with the extended stay in cold, cramped quarters, feces-riddled litter, and apparent lack of food and water, that the conditions in the trunk contributed to the kitten's death and demonstrated that the trunk was an unhealthy environment for the live cat and kittens.  See State v. Bona, No. 2014-258, 2015 WL 196354, at *2 (Vt. Jan. 9, 2015) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo14-258.pdf (affirming trial court's conclusion that fact that three horses died indicated that overall conditions at ranch, including lack of adequate food and water, contributed to their deaths and posed risk to remaining horses).

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Nancy J. Waples, Associate Justice

3